IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>ZACHRY CONSTRUCTION CORPORATION<br><br>Defendant. | CIVIL ACTION NO.<br>1:18-cv-58-HSO-JCG<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008, and Title I of the Civil Rights of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Reginald White and a class of aggrieved individuals who were adversely affected by such practices (the "class"). All references herein to the ADA include the Americans with Disabilities Act Amendments Act of 2008. As alleged with greater particularity in Paragraphs #1-13 below, Plaintiff, United States Equal Employment Opportunity Commission, alleges that Defendant, Zachry Construction Corporation, failed to provide a reasonable accommodation and terminated White and a class of similarly situated individuals because of their disabilities in violation of 42 U.S.C. §§12112(a), 12112(b)(5)(A), and 12112(b)(5)(B).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed in Jackson County, Mississippi within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Zachry Construction Corporation ("Defendant"), has been doing business in the State of Mississippi and the city of Pascagoula and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, White filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On June 26, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated with respect to White and a class of aggrieved individuals and inviting Defendant to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. In its efforts to conciliate, the Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On September 21, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

12. Since at least June of 2015, Defendant engaged in unlawful employment practices at the Chevron Refinery in Pascagoula, Mississippi by subjecting White and a class of at least two other employees to discrimination on the basis of disability, in violation of Sections 102(a), (b)(5)(A), and (b)(5)(B) of the ADA, 42 U.S.C. §§ 12112(a), (b)(5)(A) and (b)(5)(B).

a. At all times relevant to the events alleged in this complaint, White and the class were qualified individuals with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8) who, with or without an accommodation, could perform the essential functions of their jobs with Defendant.

b. At all times relevant to the events alleged in this complaint, White and the class had physical impairments that substantially limited one or more major life activities.

c. In connection with their employment, Defendant required White and the class to complete a detailed medical questionnaire.

d. Despite being able to perform the essential functions of their jobs, Defendant required White and each member of the class to undergo a fitness for duty examination.

e. The medical questionnaires and fitness for duty examinations revealed that White and each class member had undergone surgery in the past and had physical impairments.

f. Defendant failed to engage in the interactive process, did not offer to make any accommodation to the known physical limitations of White and the class, refused to allow White and the class to resume work, and instead immediately terminated White and the class.

g. Defendant hired Reginald White as a Boilermaker I in late June or early July, 2015. Prior to his employment with Defendant, White had been diagnosed with lumbar post laminectomy syndrome, lumbar radiculopathy, and lumbar spinal stenosis, which required medication as needed for pain management. White had undergone back surgery in 1996. White performed his job duties in a satisfactory manner.

h. On August 25, 2015, Defendant required White to undergo a fitness for duty examination performed by a physician chosen by Defendant. During the examination, Defendant's physician learned of White's past surgery and physical impairment. The next day, Defendant terminated White due to his back condition.

i. Defendant hired Jasper Johnson ("Johnson") as a Pipefitter on January 25, 2016. Over a decade earlier, Johnson had undergone neck fusion surgery, but continued to have neck pain. Johnson performed his job duties in a satisfactory manner.

j. On May 17, 2016, Defendant required Johnson to undergo a fitness for duty examination performed by a physician chosen by Defendant, which included completing a questionnaire asking for past medical history and present medical conditions. During the examination, Defendant's physician learned of Johnson's past surgery and continued neck pain.

k. Defendant refused to allow Johnson to return to work and officially terminated Johnson on May 26, 2016 due to his neck condition.

l. Defendant hired Parker Isaacson ("Isaacson") as a skilled laborer on July 6, 2015. Isaacson had undergone surgery on his right shoulder in 2013 but had multiple right shoulder dislocations post-surgery. Isaacson performed his job duties in a satisfactory manner.

m. On April 4, 2016, Defendant required Isaacson to undergo a fitness for duty examination performed by a physician chosen by Defendant. During the examination, Defendant's physician learned of Isaacson's past surgery and multiple shoulder dislocations post-surgery.

    n. Defendant refused to allow Isaacson to return to work and terminated him on April 6, 2016 due to his prior right shoulder injuries and the condition of his right shoulder.

13.     The effect of the practices detailed in Paragraph 12 has been to deprive White and the class of equal employment opportunities and otherwise adversely affect their status as an employee because of disability.

14.     The unlawful employment practices complained of in paragraph 12 above were intentional.

15.     The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of White and the class.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discriminatory hiring practices by screening certain qualified employees with disabilities and terminating them because of their disability, and any other employment practices which discriminate on the basis of disability.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Reginald White and the class of aggrieved

individuals, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, not selecting employees with disabilities for immediate termination, and, where appropriate, front pay and instatement.

D. Order Defendant to make whole Reginald White and the class of aggrieved individuals by providing, as appropriate, compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs 12 through 15 above, including relocation expenses and job search expenses in amounts to be determined at trial.

E. Order Defendant to make whole Reginald White and the class of aggrieved individuals by providing, as appropriate, compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12 through 15 above, including emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, mental anguish and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay to Reginald White and the class of aggrieved individuals punitive damages for its malicious and reckless conduct described in paragraphs 12 through 15 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Date:

RESPECTFULLY SUBMITTED,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity
Commission
131 M. Street E
Washington, DC 20507

_____
MARSHA L. RUCKER (PA Bar # 90041)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone: (205) 212-2046
Facsimile: (205) 212-2041