# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) No. 1:18-cv-00058-HSO-JCG |
| v. | )<br>) |
| ZACHRY INDUSTRIAL, INC. f/k/a ZACHRY CONSTRUCTION CORPORATION, | )<br>)<br>)<br>)<br>) |
| Defendant. | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

For its Answer to Plaintiff's Complaint ("Complaint"), Defendant Zachry Industrial, Inc. ("Defendant") states as follows:

## JURISDICTION AND VENUE

1. Defendant denies violating any law, including Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12117(a), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, but admits that this Court has jurisdiction over this action. Defendant denies each and every remaining allegation of fact and conclusion of law, if any, in Paragraph 1 of Equal Employment Opportunity Commission's ("Plaintiff") Complaint. Except as explicitly admitted, the allegations in Paragraph 1 of Plaintiff's Complaint are denied.

2. Defendant denies engaging in any unlawful employment practices but nevertheless admits venue is proper. Defendant denies each and every remaining allegation of fact and conclusion of law, if any, in Paragraph 2 of Plaintiff's Complaint.

**PARTIES**

3. Defendant admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations in Paragraph 6 of Plaintiff's Complaint.

**ADMINISTRATIVE PROCEDURES**

7. Defendant admits that White filed a charge with Plaintiff alleging violations of the ADA by Defendant but Defendant denies each and every remaining allegation of fact and conclusion of law set forth in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits that Plaintiff issued a Letter of Determination, which speaks for itself, on or about June 26, 2017. Defendant denies the findings set forth

in Plaintiff's Letter of Determination, denies there was any basis for finding reasonable cause that Defendant discriminated against any of the Charging Parties or anyone else, and expressly denies that it violated the ADA or any other laws. Defendant further denies each and every remaining allegation of fact and conclusion of law set forth in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations of fact and conclusion of law in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits Plaintiff issued a Notice of Failure of Conciliation on or about September 21, 2017. Defendant denies each and every remaining allegation of fact and conclusion of law in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations of in Paragraph 11 of the Complaint.

**STATEMENT OF FACTS**

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

12a. Defendant denies the allegations in Paragraph 12a of the Complaint.

12b. Defendant denies the allegations in Paragraph 12b of the Complaint.

12c. Defendant denies the allegations in Paragraph 12c of the Complaint.

12d. Defendant denies the allegations in Paragraph 12d of Plaintiff's Complaint.

12e. Defendant lacks sufficient knowledge regarding the allegations in Paragraph 12e of Plaintiff's Complaint and therefore denies same.

12f. Defendant denies the allegations in Paragraph 12f of Plaintiff's Complaint.

12g. Defendant admits that it hired White in June or July of 2015. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding White's medical history and, therefore, denies them. Defendant denies each and every remaining allegation of fact and conclusion of law set forth in Paragraph 12g of Plaintiff's Complaint.

12h. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding White's and the physician's conversation and, therefore, denies them. Defendant denies each and every remaining allegation of fact and conclusion of law set forth in Paragraph 12h of Plaintiff's Complaint.

12i. Defendant admits that it hired Jasper Johnson ("Johnson") on or about January 25, 2016. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Johnson's medical history

and, therefore, denies them. Defendant denies each and every remaining allegation of fact and conclusion of law set forth in Paragraph 12i of Plaintiff's Complaint.

12j. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Johnson's and the physician's conversation and, therefore, denies them. Defendant denies each and every remaining allegation of fact and conclusion of law set forth in Paragraph 12j of Plaintiff's Complaint.

12k. Defendant denies the allegations in Paragraph 12k of Plaintiff's Complaint.

12l. Defendant admits that it hired Parker Isaacson ("Isaacson") on or about July 6, 2015. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Isaacson's medical history and, therefore, denies them. Defendant denies each and every remaining allegation of fact and conclusion of law set forth in Paragraph 12l of Plaintiff's Complaint.

12m. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Issacson's and the physician's conversation and, therefore, denies them. Defendant denies each and every remaining allegation of fact and conclusion of law set forth in Paragraph 12m of Plaintiff's Complaint.

12n. Defendant denies the allegations in Paragraph 12n of Plaintiff's Complaint.

13. Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiff and any of the aggrieved individuals for whom Plaintiff seeks relief are entitled to any of the relief requested in subparagraphs A through H. Defendant respectfully requests judgment in its favor, along with its attorney's fees and costs, and any such further relief as may be just and proper.

## **AFFIRMATIVE DEFENSES**

1. Further answering, except as noted herein, Defendant denies each and every allegation contained in Plaintiff's Complaint.

2. Further answering, Defendant asserts that Plaintiff's Complaint must be dismissed because Plaintiff has failed to state a claim upon which relief can be granted.

3. Further answering, Defendant states Plaintiff's Complaint must be dismissed because Plaintiff failed to fulfill all conditions precedent before filing suit, including but not limited to, conciliating in good faith the allegations at issue herein.

4. Further answering, Defendant asserts that Plaintiff's Complaint must be dismissed because any actions taken by Defendant with respect to White, Johnson, Isaacson, and all other applicants with prior medical history or disability were based on lawful factors and all such actions were for lawful and proper reasons.

5. Further answering, Defendant denies that any of its employees or agents, acting within the course and scope of their employment or agency, violated any statute or caused damage or injury to White, Johnson, Isaacson, or any other employee with medical history or disability.

6. Further answering, Defendant asserts that any unlawful conduct allegedly engaged in by its employees, supervisory or otherwise, which Defendant denies, was outside the scope of their employment and was contrary to Defendant's efforts to comply with any and all applicable laws, including but not limited to the ADA.

7. Further answering, Defendant asserts that Plaintiff's claims fail to the extent Plaintiff, and any alleged aggrieved persons upon whose behalf Plaintiff seeks relief, failed in whole or in part to exhaust administrative remedies as to each of the alleged aggrieved persons and each of the alleged claims asserted.

8. Further answering, Defendant asserts that Plaintiff and/or any alleged aggrieved persons upon whose behalf Plaintiff seeks relief lacks standing to sue Defendant.

9. Further answering, Defendant states that Plaintiff's prayer for damages is barred to the extent White, Johnson, Isaacson, or any other employee with prior medical history or disability has failed to use reasonable means to mitigate their alleged losses and damages complained of in Plaintiff's Complaint.

10. Further answering, Defendant asserts that any damages claimed by White, Johnson, Isaacson, or any other employee with prior medical history or disability must be reduced to the extent they have, in fact, earned amounts in mitigation of their damages.

11. Further answering, the damages Plaintiff seeks on behalf of any alleged aggrieved persons must be eliminated or reduced to the extent that they are, have been or will be compensated from collateral sources (e.g., unemployment benefits).

12. Further answering, Defendant asserts that its actions toward White, Johnson, Isaacson, or any other employee with prior medical history or disability were taken in good faith, and that it did not act intentionally or willfully.

13. Further answering, Defendant asserts that Plaintiff's claims are barred by the equitable doctrines of estoppel, laches, waiver, ratification, acquiescence, and/or unclean hands.

14. Further answering, Defendant asserts that the claims of White, Johnson, Isaacson, or any other employee with prior medical history or disability may be barred, in whole or in part, by the after-acquired evidence doctrine.

15. Further answering, Defendant asserts that Plaintiff's claims are barred in whole or in part by applicable statutes of limitations or other periods of limitation.

16. Further answering, to the extent that the Complaint should be construed as seeking punitive damages, it violates Defendant's right to protection from excessive fines as provided by the Eighth Amendment to the United States Constitution and pertinent provisions of the Constitution of the State of Mississippi, and it violates Defendant's right to substantive and procedural due process and to equal protection provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi.

17. Further answering, to the extent that punitive damages are sought in this action, Defendant cannot be held liable for any such punitive damages because any unlawful actions or decision of its managerial agents or officers would be contrary to Defendant's policy and its good faith efforts to comply with applicable laws, and same would therefore be outside the scope of their authority.

18. Further answering, Plaintiff's claims for punitive damages on behalf of the alleged aggrieved individuals are barred because the alleged acts or omissions of Defendant fail to rise to the level required to sustain an award of punitive damages,

do not evidence a malicious or reckless intent to deny any protected rights, and are not so wanton or willful as to support an award of punitive damages.

19. Further answering, Plaintiff's claims against Defendant for punitive damages on behalf of the alleged aggrieved persons are barred because Defendant has engaged in good faith efforts to comply with federal, state and local laws, including by implementing anti-discrimination, anti-harassment and retaliation policies and by making good faith efforts to enforce said policies.

20. Further answering, Defendant asserts that Plaintiff's claims are barred for failure to exhaust administrative remedies to the extent the allegations contained in Plaintiff's Complaint exceed the scope of the underlying charge of discrimination and/or employees with prior medical history failed to timely and properly file charges themselves.

21. Further answering, Defendant asserts that Plaintiff's claims are barred to the extent that they exceed the reasonable scope of investigation of the underlying charges of discrimination forming the basis for this action.

22. Further answering, Defendant avers that its acts, if any, in reference to the matters and things alleged in the Complaint were unintentional so as to bar or reduce recovery herein.

23. Further answering, Defendant denies that any of its employees, officers or agents acted in any manner that would constitute a violation of the ADA. If any

such violation occurred, it occurred outside the scope of employment or agency and without the consent of Defendant. Defendant does not authorize, condone, ratify or tolerate any illegal or tortious acts but instead prohibits such acts. Any such conduct may not be attributed to Defendant through principles of agency, respondeat superior or otherwise.

24. Further answering, to the extent any alleged aggrieved persons on whose behalf Plaintiff has sued has entered into a settlement agreement and release with Defendant and received consideration, any and all claims that Plaintiff brings on behalf of such persons against Defendant, including without limitation, the claims alleged herein, are barred in their entirety.

25. Further answering, to the extent Plaintiff did not fulfill its statutory mandates with respect to some or all of the alleged aggrieved individuals and/or claims asserted on their behalf to (1) provide timely and proper notice to the Defendant of the allegations against it, (2) to conduct a reasonable investigation, (3) to find reasonable cause and issue a determination of same, and/or (4) to endeavor, in good faith, to eliminate any alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion prior to bringing a civil action, those claims are barred.

26. Further answering, there were legitimate, non-discriminatory reasons for Defendant's actions, and Defendant has not violated the ADA, or any provision

thereof; neither has Defendant taken nor ratified any action with retaliatory purpose or intent, but rather, has acted in good faith; and Defendant has not authorized any action prohibited by law, has not committed any unlawful employment practice, and its actions would have been taken regardless of alleged discrimination, if any.

27. Further answering, in the event that any aggrieved individual's medical history or disability is found to have been a motivating factor in Defendant's decision (which Defendant expressly denies), it would have taken the same action even in the absence of said motivating factor.

28. Further answering, some or all of the allegations contained in the Complaint are barred, and/or recovery should be reduced, to the extent the alleged aggrieved individuals upon whose behalf Plaintiff seeks relief suffered no adverse employment action or tangible job loss as a result of the alleged conduct.

29. Further answering, Plaintiff is barred from seeking compensatory or punitive damages for any employment practice that is allegedly unlawful because of its alleged disparate impact.

30. Further answering, to the extent Defendant's fitness for duty examinations, or any other employment policy or procedure utilized by Defendant, has had a statistically adverse impact on certain individuals, such policies or practices nevertheless are lawful because they are job-related and consistent with business necessity.

31. Further answering, the alleged aggrieved persons are not qualified individuals with disabilities as defined under the ADA.

32. Further answering, the Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining, on a group or aggregate basis, Defendant's liability and/or damages, if any, to the alleged aggrieved persons.

33. Further answering, to the extent Plaintiff and the alleged aggrieved individuals on whose behalf Plaintiff sues make allegations or claims under the ADA with respect to alleged claims in a time period more than one-hundred eighty (180) days before any alleged aggrieved individual filed a charge with the EEOC, or which were not made the subject of a timely EEOC charge, such allegations or claims are barred.

34. Further answering, Plaintiff's claims are barred to the extent they seek relief for employment decisions made more than one-hundred eighty (180) days before the EEOC notified Defendant of a charge or investigation relating to such claims.

35. Further answering, Defendant expressly reserves the right to assert any additional defenses that become known during discovery.

WHEREAS, having fully answered Plaintiff's Complaint, Defendant prays that this Court dismiss Plaintiff's Complaint and provide such other relief as the Court deems just and proper under the circumstances.

Dated: May 14, 2018

>Respectfully submitted,
>
>OGLETREE, DEAKINS, NASH,
>SMOAK & STEWART, P.C.
>
>*/s/ Christopher W. Deering*
>
>Robin B. Taylor, #10195
>207 West Jackson Street, Suite 200
>Ridgeland, MS 39157
>Telephone: (601) 360-8444
>Facsimile: (601) 360-0995
>robin.taylor@ogletree.com
>
>Christopher W. Deering, #ASB-5555-I71C (AL)
>(admitted *pro hac vice*)
>420 20th Street North, Suite 1900
>Birmingham, AL 35203
>Telephone: (205) 328-1900
>Facsimile: (205) 328-6000
>christopher.deering@ogletree.com
>
>Attorneys for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2018, the foregoing was electronically filed using the CM/ECF system which will automatically send notification of such filing to the following:

Christopher Woolley
Marsha L. Rucker
Gerald L. Miller
Gina Pearson
U.S. Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
christopher.woolley@eeoc.gov
marsha.rucker@eeoc.gov
gerald.miller@eeoc.gov
gina.pearson@eeoc.gov

*/s/ Christopher W. Deering*
An Attorney for Defendant