IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO.: 1:18-CV-58-HSO-JCG |
| ZACHRY INDUSTRIAL, INC f/k/a ZACHRY CONSTRUCTION CORPORATION | ) ) ) ) ) ) | |
| Defendant. | ) ) ) | |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed a lawsuit against Zachry Industrial, Inc., f/k/a Zachry Construction Corporation ("Zachry" or "Defendant") pursuant to Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Reginald White and a class of aggrieved individuals who were adversely affected by such practices (the "class").

## RECITALS

1. Defendant denies that it in any way violated the ADA or the Civil Rights Act of 1991. Nevertheless, the parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

2.   The Parties agree that the terms of this Consent Decree are adequate, fair and reasonable.

3.   The Parties do not object to the jurisdiction of this Court over the Parties and the subject matter of this lawsuit, and agree to the power of this Court to approve this Consent Decree and enforce it as to the Parties.

4.   The Parties agree to entry of this Consent Decree without trial or further adjudication of the claims made by the Commission in this lawsuit, and waive their rights to a hearing, the entry of findings of fact and conclusions of law, and to a jury trial.

5.   The Parties agree that this Consent Decree is final and binding upon Zachry, and its agents, officers, all employees, servants, successors and assigns, and any successors of Zachry.

6.   The Parties agree that, prior to the full or partial sale or transfer of Zachry ownership rights or interests, Zachry shall provide written notice of this Consent Decree and its contents to any potential purchaser or transferee. The Parties also agree that Zachry shall send the Commission a copy of the written notice at the same time it sends the written notice to the purchaser or transferee.

7.   The Parties agree that when this Consent Decree requires Zachry to send documents, reports, information, and items to the Commission or the Regional Attorney of the Birmingham District Office, the documents, reports, information, and items shall be sent to the attention of Marsha Rucker, Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) this Consent Decree is intended to and does resolve all matters

in controversy in this lawsuit among the parties, and (iii) the terms of this Consent Decree constitute a fair and equitable settlement of all issues in this lawsuit.  This Consent Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendant that it violated the ADA or the Civil Rights Act of 1991.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1.      This Consent Decree is entered into by the Commission and Zachry.

2.      This Consent Decree shall be final and binding between the Commission and Zachry.

3.      This Consent Decree shall resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 1:18-cv-58-HSO-JCG.

4.      This Consent Decree shall be filed in the United States District Court for the Southern District of Mississippi, Southern Division, and shall be in effect, and continue to be in effect, for a period of three (3) years from the date of entry of this Consent Decree by the Court.

5.      Any modification of this Consent Decree by any party shall be made by motion to the Court.

6.      The Court shall retain jurisdiction over this case to enforce the terms of the Consent Decree.

7.      Defendant Zachry shall not discriminate against employees qualified under the ADA on the basis of a disability, perceived disability, or record of disability. Prior to termination of any employee or conditional employee who fails a company-required medical examination, Defendant shall initiate reasonable accommodation discussions with the employee and shall comply fully with all provisions of this Consent Decree and Title I of the ADA.

8.      Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the obligations of Zachry under the ADA.

9.     Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any current or future charge of discrimination filed with the EEOC or against Zachry.

10.     Zachry, including its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them are permanently enjoined for the duration of this Consent Decree from the following:

   A. Discriminating against a qualified employee on the basis of a disability, perceived disability, or record of disability.

   B. Terminating a qualified employee or conditionally-hired employee who fails a Zachry-required medical examination without initiating a reasonable accommodation discussion with the employee.

   C. Retaliating against any person because such person has opposed any practice made unlawful under the ADA, filed a Charge of Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Decree.

## MONETARY RELIEF

11.     Within thirty (30) calendar days of the entry of the Consent Decree, Zachry agrees to pay monetary relief in the amount of One Hundred Thirty-Five Thousand Dollars ($135,000) to Reginald White and the class. These amounts shall be paid in full settlement of the claims against Defendant which were the basis of the EEOC Charge filed by the Charging Party (No. 425-2016-00152) and the EEOC's Complaint.

12.     The monetary relief will be distributed according to a distribution list the EEOC will provide to Defendant within fifteen (15) days of the date of this Decree. The distribution list will

set forth the name of each individual entitled to monetary relief under this Decree ("Claimant"), their corresponding social security number, the address to which each Claimant's check should be mailed, and the gross amount each Claimant will receive. The EEOC will, at its sole discretion, determine how to allocate the monetary relief among the class.

13.    Defendant shall issue the monetary relief to Claimants by mailing a check payable to each Claimant using the address listed on the distribution list. Concurrently, copies of the checks and related correspondence must be submitted to the Commission, at the following address: Marsha Rucker, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205 or via email at marsha.rucker@eeoc.gov.

14.    Defendant will promptly notify the EEOC in the event any mailings to Claimants are returned to Defendant as undeliverable. Defendant will promptly notify the EEOC in the event any checks are not cashed within one hundred and eighty (180) days of the date of its disbursement.

15.    Any unclaimed funds will be distributed to the rest of the Claimants in a manner and amount that shall be left to the EEOC's sole discretion.

16.    The monies paid in settlement of this case are for alleged lost wages and alleged emotional distress sustained by each Claimant as a result of the conduct asserted in the Complaint. Defendant shall report fifty percent (50%) of the monetary payments to Claimants on a W-2, and make applicable tax withholdings, and fifty percent (50%) of the monetary payments to Claimants under this Decree on IRS Form 1099. Payment to each Claimant is conditioned upon each Claimant executing both a Form W-4 and a Form W-9.

17.     Any portion of the monetary relief not paid within thirty (30) business days of the later of the entry of the decree or Defendant's receipt of each Claimant's W-4 and W-9 shall be subject to a penalty of 1% per day on the unpaid balance or $50 per day, whichever is greater.

## GENERAL INJUNCTIVE RELIEF

18.     Within sixty (60) days of the approval and signing of the Consent Decree by the Court and its entry onto the case docket in this lawsuit, Defendant shall review its policies against discrimination and retaliation and revise them, if necessary, so that such policies include, at a minimum, the following:

(a)     a statement expressing Defendant's strong and clear commitment to a workplace that complies with the ADA, including initiating efforts to identify a reasonable accommodation for employees with a disability, perceived disability, or record of disability, and is free of unlawful discrimination, and retaliation;

(b)     a statement encouraging employees who believe they have been discriminated or retaliated against, or who believe they have witnessed discrimination or retaliation, to report it;

(c)     a requirement that persons who complain about discrimination or retaliation shall not be retaliated against, and that Defendant will take disciplinary and corrective action against any employee, supervisor, manager or officer who engages in retaliation and, if a supervisor, manager or officer, condones discrimination or retaliation, or fails to address either in conformity with this Consent Decree and the policies and procedures established by it;

(d)     a requirement that the identity of employees who complain about, report or are witnesses to discrimination or retaliation, or witnesses in investigations of discrimination or retaliation, shall be protected;

(e)     the identification of the hotline and Defendant's Managers of Dispute Resolution and Employee Advocacy where employees may report actual or perceived discrimination and retaliation;

(f)     a requirement that each discrimination and retaliation investigation be kept confidential, to the degree it can be done ;

(g)     a statement that each discrimination and retaliation investigation shall be conducted and/or reviewed by Managers of Dispute Resolution and Employee Advocacy

(h)     a statement that supervisors who fail to act on employees questions or complaints brought to them under the company's EEO Policy are subject to disciplinary action, up to an including discharge;

19.     A copy of the policies and procedures provided for in this section shall be made available via Zachry's intranet and at site offices to all employees within sixty (60) days of the date this Consent Decree is approved and signed by the Court, and entered into the case docket in this lawsuit. These policies and procedures shall be made available via Zachry's intranet and site offices to each new employee within five (5) days of his or her hire with Defendant.

20.     Defendant shall mail a copy of all policies and procedures created pursuant to this Consent Decree to the EEOC Birmingham District Office, Regional Attorney 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, within ten (10) days of their issuance.

## ANNUAL TRAINING FOR MANAGERS AND EMPLOYEES

21.    During the term of the Consent Decree, Defendant shall, once per year, provide training at one of its monthly safety meetings on employment discrimination and retaliation to all employees at its Pascagoula, Mississippi site. The initial annual training will be scheduled and conducted within ninety (90) days of the entry of this Consent Decree. Defendant shall submit to the EEOC an agenda for the EEO training program for hourly employees.

22.    The annual training shall include the following topics:

      a.   An explanation of the ADA and the Defendant's policies regarding discrimination based on disability, and reasonable accommodation;

      b.   All aspects of the ADA including, but not limited to, discrimination based on disability, record of disability, or perceived disability, the legal requirements of the ADA including reasonable accommodation, and the retaliation provisions of the ADA;

      c.   An explanation of Defendant's policies regarding discrimination and retaliation;

      d.   The importance of maintaining an environment free from discrimination and retaliation;

      e.   The protections against retaliation for reporting, opposing or participating in activity related to the opposition of discrimination;

      f.   The types of disciplinary actions that shall be taken against any employee that engages in discrimination;

      g.   Practical examples aimed at the prevention of discrimination and retaliation; and

      h.   Avenues available to employees of Zachry to submit internal complaints of discrimination and/or retaliation.

23.    During the term of this Consent Decree, all supervisory and management-level employees, and all Managers who supervise supervisors and Managers at Defendant's Pascagoula, Mississippi site, shall attend a one (1) hour live training once per year. With regards to management and supervisor employees, the training shall instruct such individuals on best practices for engaging in reasonable accommodation discussions, responding to discrimination and retaliation complaints, and will describe how effective investigation of such complaints are conducted and documented. The training shall also address the Company's policies pertaining to confidentiality and anti-retaliation relative to employees who report or participate in an investigation or oppose discrimination and retaliation. The training shall conclude with a minimum of ten (10) minutes for questions and answers.

24.    The training and education for employees may be videotaped for review by supervisory and management-level employees, and all Managers who supervise supervisors and Managers, who are employed at the time of the training but absent from work at that time.

25.    Zachry shall generate a registry containing signatures of all persons attending the trainings described above. All management and supervisory personnel attending the trainings shall be instructed to sign the registry when they attend the entire training session. Zachry shall retain the registry for the duration of the Consent Decree.

26.    The training shall be delivered in accord with the training materials provided to the EEOC at least one week prior to the training. All other training materials (pamphlets, brochures, agendas, videos), and the signed registry, shall be delivered to the EEOC Birmingham District Office, to the attention of the Regional Attorney at the address set out above, within two weeks of the

conclusion of the last training session.  Acceptance or review of these materials by the Commission shall not constitute approval of the said materials, but may be retained for compliance purposes.

27.     The training shall be presented by trainers or educators with knowledge and expertise in the requirements of the ADA, and the prevention of discrimination and retaliation and may be presented by Zachry's Human Resources professionals with such knowledge and expertise.

28.     Zachry may add to this training depending on its needs.

29.     Within one hundred and fifty (150) days of the entry of this Consent Decree, Zachry shall provide the Birmingham District Office of the Equal Employment Opportunity Commission with proof of the action taken to inform and train its personnel as outlined herein, including the registry of attendees.   The report(s) shall be mailed to Marsha Rucker, Regional Attorney, EEOC Birmingham District Office, 1130 22nd Street, South, Suite 2000 Birmingham, AL 35205.

## OTHER RELIEF

30.     Zachry agrees White is eligible for re-hire, and will be given priority consideration based on his prior service with Zachry for any open positions, assuming he meets all hiring criteria and is qualified for such position.

31.     In the event Defendant receives any request for information, whether verbal or written, from potential employers, prospective employers or third parties seeking references or information about these individuals, Defendant shall inform such potential employer(s), prospective employer(s) or third party that its policy and practice is only to provide the dates of an individual's employment, the position held by that individual re. Notwithstanding the foregoing, nothing is this Consent Decree should be construed as prohibiting Zachry from responding to or otherwise complying with a lawful court order issued after Zachry's communication to the subpoenaing party

that the information or documents sought pursuant to the subpoena are, or may be subject to this Consent Decree.

## POSTING OF NOTICE

32.     Zachry shall post and cause to remain posted the posters required to be displayed in the workplace by Commission regulations.

33.     Within thirty (30) calendar days after entry of this Decree, Zachry shall sign and post 8½-inch-by-11-inch sized copies of the notice attached as **Exhibit A** to this Consent Decree on all bulletin boards usually used by Defendant at its facilities for announcements, notices of employment policy or practice changes to employees, during the term of this Consent Decree, including intranet pages and electronic bulletin boards.

## RECORDS RETENTION

34.     The Defendant shall maintain the following records during the period of this Consent Decree:

      (1)     The ADA policies and procedures;

      (2)     Discrimination and retaliation complaints made by employees;

      (3)     All documents generated in connection with any complaint investigation, or resolution of complaints involving allegations of violations of the ADA, including discrimination, reasonable accommodation and retaliation;

      (4)     All materials used in training provided pursuant to the terms of this Consent Decree; and

      (5)     Attendance lists for such training.

## SUCCESSOR NOTIFICATION

35.    Defendant shall provide notice and a copy of this Decree to any successors or any other corporation or other entity that acquires Defendant and any other corporation or other entity into which Defendant may merge. The successors or acquiring entities shall be fully liable for complying with the terms of the Decree.

## DISPUTE RESOLUTION

36.    In the event that the Commission believes during the term of this Consent Decree that Zachry has failed to comply with any provision(s) of the Consent Decree, the Commission shall notify Zachry or its counsel of the alleged non-compliance and shall afford Zachry thirty (30) calendar days thereafter to remedy the non-compliance or to satisfy the Commission the alleged non-compliance is not well founded. If Zachry has not remedied the alleged non-compliance or satisfied the Commission that it has complied within thirty (30) calendar days, the Commission may apply to the Court for appropriate relief.

## ATTORNEYS' FEES

37.    The parties shall bear their own attorneys' fees and costs incurred in this action up to the date of the entry of this Consent Decree.

## FORCE AND EFFECT

38.    The duration of this Consent Decree shall be three (3) years from its entry.

39.    The Court shall retain jurisdiction for the duration of the Consent Decree, during which the Commission may petition this Court for compliance with this Consent Decree. Should the Court determine that Defendant has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

40.     Absent extension, this Consent Decree shall expire by its own terms at the end of three (3) years from the date of entry of this Consent Decree without further action by the Parties.

41.     The Parties agree to the entry of this Consent Decree subject to final approval by the Court.

SO ORDERED, ADJUDGED, and DECREED this  26th  day of  July  , 2018.

UNITED STATES DISTRICT JUDGE

APPROVED AND CONSENTED TO BY:

_____          _____
**AUTHORIZED REPRESENTATIVE**              **(PRINTED NAME)**
**FOR DEFENDANT**
**ZACHRY INDUSTRIAL, INC.**


_____          _____
**ATTORNEY FOR DEFENDANT**                 **(PRINTED NAME)**
**ZACHRY INDUSTRIAL, INC.**
**CHRISTOPHER W. DEERING**
**OGLETREE, DEAKINS, NASH**
**SMOAK & STEWART, P.C.**
420 20th Street N. Ste 1900
Birmingham, AL 35203


_____
**ATTORNEYS FOR PLAINTIFF EEOC**
**MARSHA RUCKER**
Regional Attorney

Christopher Woolley
Trial Attorney

Gina Pearson
Trial Attorney

**U. S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, AL  35205-2886
Telephone:  (205) 212-2046

## EXHIBIT A
## NOTICE TO ALL EMPLOYEES OF ZACHRY INDUSTRIAL, INC

1. This Notice is posted to all employees pursuant to a Consent Decree entered into between Zachry Industrial, Inc., and the Equal Employment Opportunity Commission (EEOC). Pursuant to the Decree, Zachry Industrial, Inc., will conduct training on the prevention of employment discrimination and retaliation in the workplace.

2. Discrimination is a violation of Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008 (ADA). Federal law requires an employer to maintain a workforce free from discrimination based upon disability, perceived disability, or record of disability for qualified employees.

3. Zachry Industrial, Inc., will not tolerate or condone discrimination or retaliation against an employee or applicant for employment. Discrimination is a violation of company policy as well as federal law. Violation of these company policies by anyone employed by Zachry Industrial, Inc., will result in disciplinary action up to and including termination.

4. You have the right to file a charge of discrimination with the EEOC if you believe you are being discriminated or retaliated against. The EEOC charges no fees and has employees and interpreters who speak languages other than English. If you believe you have been discriminated or retaliated against in violation of federal law, you have the right to seek assistance from:

> Equal Employment Opportunity Commission
> Dr. A. H. McCoy Federal Building
> 100 West Capitol Street, Suite 338
> Jackson, Mississippi 39269
> www.eeoc.gov
>
> 1-800-669-4000
> TTY: 1-800-669-6820

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED OR REMOVED

This Notice must remain posted for three (3) years from the date signed below and must not be altered, defaced, removed, or covered by any other materials.

_____
Date

_____
Authorized Representative, Zachry Industrial, Inc.

34928743.1